FILED
MAY - 8 2006
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

J. WILSON BRALEY,

    Plaintiff,

v.      CIVIL ACTION NO. 3:06-0333

JOSEPH MANCHIN, individually
and in his capacity as the
duly elected Governor of the
State of West Virginia,
DANNY ELLIS, individually and
in his capacity as the duly
appointed Secretary of
Transporation of the State of
West Virgina, and PAUL A.
MATTOX, JR., individually and
in his capacity as the duly
appointed Commissioner of
Highways of the Department of
Transportation of the State of
West Virginia,

    Defendants.

## COMPLAINT

Comes now the Plaintiff, J. Wilson Braley, and for and as his complaint, states and alleges as follows:

I.

This is a civil action for damages, both compensatory and punitive, and for equitable relief, brought to obtain redress for the deprivation of the Plaintiff's civil, Constitutional and other rights, which arises under Title 42, United States Code, Section 1983, and pursuant to the common general and statutory laws of the State of West Virginia. The matter in controversy in this action exceeds the sum or value of Ten Thousand Dollars ($10,000.00), exclusive of interest and costs.

SCANNED

II.

The Plaintiff, J. Wilson Braley, is a citizen of the United States of America and is and was at all times material hereto a resident of Cabell County, West Virginia.

III.

The Defendant, Joseph Manchin, is duly elected Governor of the State of West Virginia and is sued individually and in his official capacity.

IV.

The Defendant, Danny Ellis, was a duly appointed Secretary of Transportation of the State of West Virginia, and is sued individually and in his official capacity.

V.

The Defendant, Paul A. Mattox, Jr., is a duly appointed Commissioner of Highways of the Department of Transportation of the State of West Virginia, and is sued individually and in his official capacity.

VI.

Jurisdiction of the matters complained herein arises by the virtue of provisions of Title 28, United States Code, Sections 1331 and 1343. The Plaintiff further invokes the Court's pendant jurisdiction over certain of the claims asserted herein.

VII.

Venue is proper in this Court pursuant to the provisions of Title 28, United States Code, Section 1391, in that the

Plaintiff resides in Cabell County, West Virginia, and the causes of action arose there.

VIII.

Prior to October 3, 2005, Plaintiff was employed as the District Engineer of the West Virginia Department of Highways, a non-policy making position within the Department of Highways, and during the course of his 10 years in that capacity performed his job duties competently and within the bounds of the law.

IX.

On September 21, 2005, the Defendant, Paul A. Mattox, Jr., sent a letter to the Plaintiff, a copy of which is attached as Plaintiff's Exhibit 1, informing the Plaintiff that he was being transferred to the position of Regional Maintenance Engineer in the Maintenance Division effective October 3, 2005.

X.

The Defendant, Joseph Manchin, and others named specifically here and above, approved and ratified the transfer of the Plaintiff and failed and refused to prohibit said transfer. At all times relevant hereto, all the Defendants were acting as agents for one another.

XI.

Defendants, and each of them, knew or should have known that Plaintiff's transfer violated his civil, Constitutional and other rights which were clearly established prior to the time they acted and failed to act.

XII.

At all times mentioned herein, Defendants, and each of them, acted under color of law of the State of West Virginia.

FIRST CAUSE OF ACTION

XIII.

Each and every word, sentence and paragraph set forth in paragraphs I through XII herein above are hereby incorporated in by reference herein and made a part hereof.

XIV.

Defendants, and each of them, in transferring the Plaintiff and in permitting, approving and ratifying the same, did so on raw political patronage grounds to rid the West Virginia Department of Highway's payroll of persons who were arguably loyal to the Republican party and or to open job positions which the defendant, Joseph Manchin, could fill with persons of his own choosing in order to reward them for political loyalty. The other Defendants failed to establish and or enforce a policy prohibiting the unlawful conduct alleged.

XV.

Defendants, and each of them, by their conduct as aforesaid and otherwise, violated Plaintiff's civil and Constitutionally guaranteed and secured to him by the First Amendment to the United States Constitution, in violation of the provisions of Title 42, United States Code, Section 1983, by reason of which, Plaintiff was greatly damaged in his person and property.

XVI.

Plaintiff further says and alleges that Defendants, and each of them, acted willfully, wantonly, intentionally and maliciously, and knew or should have known that their actions were illegal and violated Plaintiff's rights.

SECOND CAUSE OF ACTION

Each and every word, sentence and paragraph set forth in paragraphs I through XVI herein above are hereby incorporated by reference herein and made a part hereof.

XVII.

Defendants, and each of them, in transferring the Plaintiff and in permitting, approving and ratifying the same, did so in retaliation for Plaintiff's exercise of his rights of free speech on matters of public concern and of free association, guaranteed and secured to him by the First Amendment of the United States Constitution in violations of provisions of Title 42 United States Code, Section 1983, by reason of which Plaintiff was greatly damaged in his person and property.

THIRD CAUSE OF ACTION

XVIII.

Each and every word, sentence and paragraph set forth in paragraphs I through XVII are hereby incorporated by reference herein and made a part hereof.

XIX.

Defendants, in wrongfully transferring the Plaintiff and in permitting, approving and ratifying the same, did so for

reason which contravene substantial public policies; to wit, the policy of promoting and upholding each and every individual's rights under the First Amendment to the United States Constitution, by reason of which plaintiff was greatly damaged in his person and property.

Wherefore, Plaintiff demand judgment against the Defendants, jointly and severally, compensatory damages in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00), to compensate him for the loss of his property, wages and benefits, mental anguish, emotional distress, degradation and humiliation, inconvenience, and injury to his reputation and honor, and by reason of the intentional, malicious, willful and wanton conduct of the Defendants, and each of them Plaintiff demand from the Defendants jointly and severally, punitive damages in the sum of Two Hundred Fifty Thousand Dollars ($250,000.00); together with attorney's fees pursuant to Title 42, United States Code, Section 1988 and all costs of this action; permanently enjoin and restrain the Defendants, their agents, assistants, successors, employees, and all persons acting in concert or cooperation with them or at their direction from further violating the rights and immunities guaranteed the Plaintiff under the Constitution of the United States of America; an Order requiring the immediate transfer of the Plaintiff to his former position with the Department of Highways, the rights and privileges due persons in the Plaintiff's individual position received

in the absence of the unlawful conduct of the Defendants; as well as such other and further relief as the Court may deem just and proper.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

                J. WILSON BRALEY

                BY COUNSEL

_____
CLINTON W. SMITH, ESQUIRE

WV Bar #3458
Ste. 309, 405 Capitol St.
Charleston, WV  25301
(304)343-4498
COUNSEL FOR THE PLAINTIFF

## VERIFICATION

The information provided in this COMPLAINT is true and accurate, to the best of my knowledge and belief.

I UNDERSTAND THAT THE DELIBERATE FAILURE TO PROVIDE COMPLETE DISCLOSURE OR KNOWINGLY PROVIDE INCORRECT INFORMATION CONSTITUTES THE CRIME OF FALSE SWEARING.

J. WILSON BRALEY

STATE OF WEST VIRGINIA

COUNTY OF _Cabell_, TO-WIT:

Taken, subscribed and sworn to before me on the _9_ day of _JANUARY_, 200_6_.



NOTARY PUBLIC

My Commission Expires: _FEBRUARY 24, 2009_

THE INFORMATION DISCLOSED ON THIS FORM SHALL BE CONFIDENTIAL AND MAY NOT BE MADE AVAILABLE TO ANY PERSON FOR ANY PURPOSE OTHER THAN THE ADJUDICATION, APPEAL, MODIFICATION OR ENFORCEMENT OF THIS CIVIL ACTION.